Francis *et al.* *vs.* Wood *et al.*

An affidavit made before a magistrate, charging the defendant with perjury, and made for the purpose of causing his arrest, will not furnish the basis of an action for libel, even if it be falsely and maliciously made.

(a.) Where such an affidavit has led to a prosecution, arrest and imprisonment, such prosecution being initiated and conducted maliciously and without probable cause, for each and all of these wrongs an action will lie.

(b.) Where an action was brought on several counts, the first being for libel on account of an affidavit falsely and maliciously sworn out, charging the plaintiff with perjury, and the other counts being for malicious arrest, malicious prosecution and false imprison-

ment, under the warrant issued on such an affidavit, the defendant might have demurred to the count based on the libel, but was not bound to do so; and a failure so to do would not amount to a waiver, or authorize a trial on that count. There was error in submitting the matters contained in this count to the jury, and in charging that they might find thereon; and a verdict which evidently resulted, in large measure, from this count, although it was in conjunction with others which were good cannot be allowed to stand.

February 9, 1886

Libel. Actions. Torts. Perjury. Malicious Arrest. False Imprisonment. Malicious Prosecution. Practice in Superior Court. Demurrer. Verdict. Before Judge CLARKE. City Court of Atlanta. December Term, 1884.

Reported in the decision.

HOKE & BURTON SMITH, for plaintiffs in error.

HAYGOOD & MARTIN; SPEAIRS & SIMMONS, for defendants.

HALL, Justice.

The declaration contained four counts. One set out that defendant had libelled plaintiff in an affidavit sworn out before a magistrate, falsely charging her with perjury. The others were for malicious arrest, malicious prosecution and false imprisonment, under the warrant, which issued on this affidavit. Several defences were set up, and upon the declaration and pleas, and the evidence adduced on the trial, the plaintiff recovered damages. A motion was made for a new trial, on various grounds, and was overruled.*

It will be necessary to consider only a single question raised, and that is, whether an action for libel can be sus-

---

*The torts sued for were alleged to have been committed by Mrs. Rachel Francis on Mrs. Lizzie Wood. The husbands of the two were joined with them, respectively, in the action.

tained for false charges of a crime, in an affidavit for a warrant, taken before a duly authorized and lawfully commissioned magistrate, having jurisdiction of the offense for which the warrant issues? The rule, as laid down by most of the text-writers, is that every affidavit sworn in the course of a judicial proceeding is "absolutely privileged," and no action for libel lies thereon, however false and malicious may be the statement made therein. "So also are pleadings and instructions to counsel. So are articles of the peace exhibited against the plaintiff. The only exception is where an affidavit is sworn recklessly and maliciously before a court that has no jurisdiction in the matter and no power to entertain the proceeding." Odgers on Libel and Slander, edited by Bigelow, pp. 191, 192, 193, and citations in notes and illustration, fully sustaining the text founded on them.

"An action for defamation," says Addison (2 Torts, §1092), "will not lie for anything sworn or stated in the course of a judicial proceeding before a court of competent jurisdiction, such as defamatory bills or proceedings filed in chancery, or in ecclesiastical courts, or affidavits containing false and scandalous assertions against others. Therefore, if a man goes before justices of the peace and exhibits articles against the plaintiff containing divers false and scandalous charges concerning him, the plaintiff cannot have an action for a libel in respect of any matter contained in such articles, for the party preferring them 'has pursued the ordinary course of justice in such a case; and if actions should be permitted in such cases, those who have just cause for complaint would not dare to complain, for fear of infinite vexation.' Cutter *vs.* Dixon, 4 Co., 14b. There is a large collection of cases where parties have from time to time attempted to get damages for slanderous and malicious charges contained in affidavits made in the course of a judicial proceeding, but in no one instance has the action been held to be maintainable; but the libeller may be punished, and the abuse repressed by a

prosecution for perjury, the result of which is to make the libeller infamous, if he is convicted." The next sentence covers the case at bar, and is as follows: " Where the cause of action against a defendant was that he falsely and maliciously, and without any reasonable or probable cause, went before a commissioner for taking oaths in the court of chancery, and swore an affidavit, stating of the plaintiff in his character of an auctioneer, that he conducted his business fraudulently and improperly, and that he was not, in deponent's opinion, a fit and proper person to be entrusted with the sale of certain property then the subject of a suit in the court of chancery, and the court, upon the evidence before it, decided that the plaintiff was not a fit and proper person to conduct the sale, it was held that the affidavit, being made in the course of a judicial proceeding, could form no ground of action (Revis *vs.* Smith, 18 C. B., 126). But if the court has no jurisdiction in the matter, and no right to entertain the proceeding, and the charge is recklessly and maliciously made, it will not be regarded as a privileged communication."

It thus appears that, from a very early period, at least prior to the time of Lord Coke, both in England and this country, there is not the least conflict or disagreement in the authorities, that an affidavit, such as that in question, however malicious and false it may be, contains no matter upon which an action for libel can be founded; and we may go still further, and add that a criminal prosecution for libel could not be founded upon such an affidavit; the proper proceeding on the criminal side of the court, to punish such a false and malicious oath, would be an indictment for perjury.

It is not pretended that the magistrate before whom this affidavit was taken had not authority and jurisdiction to administer the oath. This proceeding, however, did not stop with the affidavit; a warrant issued upon it, and under that warrant the plaintiff was arrested and imprisoned. She was therefore not without her remedy by civil action;

the suit against the affiant was properly brought for malicious prosecution, malicious arrest and false imprisonment.

We cannot agree with counsel that our Code makes any alteration or modification of the common law principle in this respect. It is quite true that such affidavits are not among the statements enumerated therein as privileged communications (Code, §2980), but it does not thence follow that they are therefore to be considered as affording matter for either a civil suit or criminal prosecution for a libel. They are omitted because they are altogether outside of the principle invoked in this case. It would be going very far to infer from this omission that the Code intended to give a right where none had ever existed before. It makes provision for an indictment for perjury upon such affidavits, and where the affidavit has led to a prosecution and arrest and imprisonment, and that prosecution has been maliciously and without probable cause initiated and conducted, it recognizes and continues the remedy that previously existed from the time whereof the memory of man runneth not to the contrary, for each and all the wrongs above enumerated, and this recognition is found in the second section and in the same title and chapter of the Code which treats of libel and slander but in the first section.

But it was urged further that the count for libel, in this view, was demurrable, and that the defendants should in fairness have resorted to this mode of defence, and should not have permitted this, with other issues made by the pleadings, to have gone to the jury, and that having failed to demur, they consented to the trial of this question. That they might have demurred is evident, but were they bound in fairness to do so? We think not; they were under no obligation to relieve the plaintiffs from the awkward dilemma in which they had placed themselves, nor to extricate them from the snare which they had laid and into which they had unwittingly fallen. They could neither

waive nor consent to the trial of an issue over which the court had no jurisdiction.

A verdict, which it is evident resulted in large measure from this count in the declaration, although it was in conjunction with three others which were undoubtedly good, cannot be allowed to stand. We think there was error in submitting the matters contained in this count to the jury, and in instructing them that they might find thereon, and that the defendants' motion for a new trial should, for this reason alone, have been granted.

Judgment reversed.