### 1212.  BUSCHBAUM *v.* HERIOT.

1. Where, from the nature of the judicial proceeding or circumstances of the investigation, testimony may be submitted by affidavit, the affiant is a witness and is protected by the same privilege and to the same extent as if he had testified orally.

2. The circumstances under which testimony is given determine whether the privilege of a witness is absolute or conditional. Generally the testimony delivered in a judicial proceeding and before a court with jurisdiction to consider the questions at issue is absolutely privileged. No actionable liability attaches to a witness for any statement in his testimony (no matter how false or malicious it may be), unless the witness, without being asked, volunteers a false and malicious defamatory statement which is not pertinent, and which the witness neither believes to be true nor has any sufficient reason to believe to be material. The answers of a witness in direct response to questions by counsel (which have not been forbidden by the court) are absolutely privileged; and though the statements of the witness in testimony thus adduced be not only defamatory and malicious, but knowingly false, a prosecution for perjury is the only redress provided by law.

3. In an interlocutory hearing upon an application for injunction, where the allegations of fact in the petition are verified by the oath of the petitioner himself, an affidavit which contains only an impeachment of the veracity of the petitioner is pertinent and material; and especially is this true if the respondent to the petition has filed, under *his* oath, an answer denying the statements of fact contained in the petition. It was not alleged in this case that the allegations of fact in the petition were admitted in the answer thereto.

Action for libel, from city court of Savannah—Judge Freeman. April 6, 1908.

Submitted July 16, 1908.—Decided February 9, 1909.

A Buschbaum brought an action for $5,000 damages against

G. W. Heriot, alleging that the defendant, knowing the plaintiff's good name for integrity, honesty, and truthfulness, did wilfully, falsely, and maliciously, and with intent to injure him in his business, make a sworn affidavit to be used as evidence in a case of injunction, relief, and damages, then pending between the plaintiff and the Advocate Publishing Company, in which affidavit the defendant swore concerning petitioner as follows: "Personally appeared G. W. Heriot, who, after being first duly sworn, says that he makes this affidavit for the purpose of having the same used as evidence in the above-stated case. Deponent says that he knows A. Buschbaum, the plaintiff above named, and knows his reputation in the community as to truthfulness; and from such reputation deponent says that he would not believe the said Buschbaum upon oath. [Signed] Geo. W. Heriot, M. D." It is alleged by innuendo that the defendant, by the foregoing affidavit, intended (*a*) to brand the petitioner as a common and notorious liar, and a man unworthy of belief even upon his oath; (*b*) to charge the petitioner with the crime of perjury, in that the affidavit of said defendant was made in response to the suit by petitioner for injunction, relief, and damages, filed in the superior court of Chatham county, Georgia, against the said Advocate Publishing Company, for the purpose of enjoining the operation of certain printing presses, and for damages accruing to him and his property in connection therewith, said petition being sworn to by petitioner. It is further alleged, that the affidavit was made and sworn to before an officer authorized to administer oaths, and was published and communicated by delivery to the attorney for the defendant; that it was published by being read in open court before the judge of the superior court, in the presence of the court officers, witnesses, and spectators. It is further alleged that "the libelous words therein set out, presented as evidence in a court of public justice, and intending to brand petitioner as a common and notorious liar, and to charge him with the crime of perjury, a crime involving moral turpitude, was done by said defendant with wilful, malicious, and deliberate intent to vex, embarrass, harass, and impoverish petitioner in his good name, reputation, and trade, and to hold him up, among his friends, acquaintances, and the citizens of the community at large, as an object of contempt, hatred, and ridicule," and that the publication of said

libelous affidavit in a court of public justice is and was intended as an extreme aggravation of the injury to the petitioner, and has caused him much mental distress. The defendant having filed a demurrer to the petition, the petitioner amended by alleging, that the affidavit of Heriot was impertinent, irrelevant, and immaterial to the issues then before the court, and that, upon the presentation thereof as evidence in said cause, the plaintiff, through his attorneys, orally objected thereto, upon the grounds above stated, and made an oral motion that said affidavit be ruled out and not considered; that thereupon said presiding judge orally ruled out the said affidavit and orally declined to consider it in determining the issues then before the court, upon the grounds so stated; that said affidavit was not made bona fide, in the belief that it was pertinent or relevant to the issues in said cause, and was for the sole purpose of maliciously defaming the good name and reputation of petitioner. The petition was amended also by a second count, which alleges practically the same facts as those set out in the first, except that it treats the libelous affidavit as published and communicated at the time it was signed before the notary public and delivered to the attorney for the Advocate Publishing Company.

Heriot demurred generally to the petition, both as originally filed and as finally amended, upon the ground that no cause of action is set forth, and that the petition shows upon its face that the affidavit purporting to have been made by the defendant was made in a judicial proceeding, and was therefore a privileged communication, and no action therefor could lie against the defendant. The judge sustained the demurrer and dismissed the petition.

*Alexander & Edwards*, for plaintiff.

*William W. Gordon Jr., Edward S. Elliott*, for defendant.

RUSSELL, J. (After stating the foregoing facts.)

The question raised by the demurrer is one which has been much discussed by text-writers and judges. In the first place, whether one who makes affidavit in the course of an interlocutory judicial proceeding is to be classified as a witness is one division of the question; and whether the privilege of a witness is absolute under all circumstances, or may, under certain circumstances, amount only to conditional privilege, is a second division of the question presented for our determination. It will be seen, from a reading

of the opinion in *Hendrix* v. *Daughtry, 3 Ga. App.* 481 (60 S. E. 206), that we went no further in that case than to decide that the position of the witness is one of absolute privilege, where the answers are directly responsive to questions which are material or the immateriality of which is waived by failure to object; because that was the only question presented for our determination. We referred, however, to the fact that the code deals with the subject of conditional privilege only, and on this account we strongly intimated our opinion (based upon the fact that witnesses in most jurisdictions have been accorded absolute privilege and are not referred to in §3840 or elsewhere in our code) that the privilege of a witness is absolute, unless he testifies to that which is immaterial and impertinent, and even then if the answers are elicited by questions propounded by counsel.

We will first consider, however, whether, according to the allegations of the petition, Heriot is to be considered as a witness in the sense in which that word is ordinarily used, as denoting one who testifies either in person or by deposition on the trial of a case. We not only think that the same considerations of public policy and absolute justice which extend absolute privilege to a witness upon the stand should control in dealing with one who testifies by affidavit, but we are of the opinion that this view is confirmed by the language of Justice Hall, delivering the opinion in *Francis* v. *Wood, 75 Ga.* 648. It may not appear at first blush that the point now before us was necessary to be decided in the *Francis* case, inasmuch as the affiant in that case was swearing to an affidavit which was the basis of a criminal prosecution, and it may be said that such an affiant could hardly be said to be a witness; but the reason upon which the contents of his affidavit were held to be absolutely privileged was, that the court held that even the maker of such an affidavit is to be treated as a witness. And yet the affidavit made to a criminal warrant is not evidence. Certainly, then, if one makes an affidavit the contents of which are to be used as evidence, he must be a witness. Justice Hall bases the ruling of the court upon the principle that "every affidavit sworn in the course of a judicial proceeding is 'absolutely privileged,'" and that, therefore, even the affidavit of a prosecutor, to obtain a warrant, is matter of absolute privilege. We can safely hold that if one making an affidavit to obtain a warrant is entitled as a witness to

absolute privilege, a fortiori a witness who testifies by affidavit, even in an interlocutory proceeding, must be extended the same absolute privilege. In the *Francis* case, the Supreme Court says: "The rule, as laid down by most text-writers, is that every affidavit sworn in the course of a judicial proceeding is 'absolutely privileged,' and no action for libel lies thereon, however false and malicious may be the statement made therein;" and quotes approvingly from Odgers on Libel and Slander (edited by Bigelow), 191, that "the only exception is where an affidavit is sworn recklessly and maliciously before a court that has no jurisdiction in the matter and no power to entertain the proceeding."

As the petition itself alleges that the affiant was sworn, and that the officer who administered the oath was authorized so to do, and as it appears that the affidavit was intended for use in a judicial proceeding then pending, we have no difficulty in holding that Heriot was, to all intents and purposes, a witness in the judicial investigation referred to, which was an interlocutory hearing on a petition for injunction. There is another reason why affiants whose affidavits are taken to be submitted in evidence and, from the nature of the investigation, can properly be considered, should be classified as witnesses. Unless the affiant is himself a party, it is not to be presumed that he has volunteered his testimony; and generally the contrary is the case. The law provides that he may be compelled to make affidavit to the facts within his knowledge, if he refuses to do so; and it is to be presumed that when his affidavit is requested, he yields his consent to become a witness, perhaps not always willingly, but because he knows that he can be compelled to testify upon any pertinent matter within his knowledge.

In view of the fact that Heriot must be considered as a witness, the question arises, whether, under the allegations of the petition, his affidavit is entitled only to conditional privilege, or whether the matter therein contained is one of absolute privilege. We are clear that Heriot's absolute privilege can not be affected by the allegation that his testimony was false and malicious. No matter how falsely a witness may testify, nor that his false testimony is prompted by malice, the criminal law affords the only redress. Even if the false testimony be given with the single purpose of bringing the object of the witness's malice into hatred,

contempt, and ridicule, the case is not affected. Freedom from vexatious litigation for honest and unbiased witnesses is so important that the law will not take the risk of submitting the honest witness to fear of such danger, in order that a false and malicious witness may be mulcted in damages. Based upon this idea, in England all proceedings before a court of justice are held to be absolutely privileged, the rule applying alike to judges, parties litigant, their counsel, and the witnesses.

The only allegation in the instant petition which would seem to enable the petition to withstand the general demurrer is that which charges that the affidavit was immaterial and irrelevant to the issues then before the court, and that it was so adjudged to be by the judge of the superior court orally. Having stated the broad rule of absolute privilege prevailing in England, and being aware that there is a wide divergence of opinion in the different jurisdictions in this country as to what extent the liability of the witness is affected by the immateriality of his testimony, we will proceed to rule upon the question whether the immateriality of a witness's testimony causes his privilege to be reduced from absolute to conditional, or to be absolutely withdrawn, and then we will determine whether the allegations of the present petition show that the testimony of the defendant was immaterial.

We have already ruled, in *Hendrix* v. *Daughtry,* supra, that the slanderous testimony of a witness upon the stand, even if immaterial, does not affect his absolute privilege, if no objection is interposed and the immateriality of the evidence is waived. This because it is always the right of counsel to object to immaterial testimony. Conversely, we think that where a witness falsely and maliciously *volunteers* statements which are defamatory and which in no way illustrate any of the issues pending for solution before the court or jury, such statements are not privileged, unless the witness bona fide believes the statements made by him to be true, and makes them believing, in good faith, that they are material; both of which are facts for the jury. In the latter case his privilege protects him, no matter how great his malice. As said in *Sebree* v. Thompson (Ky.), 11 L. R. A. (N. S.) 723, 103 S. W. 374, "the question is: Were the words spoken by appellant actionable, or, rather, was the occasion upon which these words were spoken what is known as a 'privileged occasion?' The rule is

well settled that in actions for libel or slander the defendant is permitted to show, if he can, that the circumstances under which the words charged were spoken were such as to protect him from liability for what would otherwise be an actionable wrong. There are occasions when, for the public good and in the interests of society, one is freed from liability that would otherwise be imposed upon him by reason of the publication of defamatory matter, and these occasions are called 'privileged occasions.' Such occasions are divided into two classes by the text-writers: those known as 'absolutely privileged,' and those 'conditionally privileged.' Words spoken upon an occasion 'absolutely privileged,' though spoken falsely, knowingly, and with express malice, impose no liability for damages in an action for slander or libel, while, on the other hand, words spoken upon an occasion only 'conditionally privileged' impose such liability if spoken maliciously or not in good faith; the difference between the two being that in the former case the freedom from liability is absolute and without condition, while in the latter case it is made to depend upon the absence of express malice. The decisions of courts of last resort, while in perfect harmony and accord as to these two classifications, vary materially in the arranging and grouping of the occasions that may be termed 'absolutely privileged' and those 'conditionally privileged;' some courts holding that the proceedings in a court of justice are 'absolutely privileged,' while others hold that they are only 'conditionally' so." We hold that the fact that a witness, without inquiry and influenced by malice, volunteers false testimony defamatory of another, the immateriality of which is apparent to any ordinary mind, is such a circumstance as places the testimony of the witness in the class of conditional privilege, where he is no longer shielded by the law, unless it be made to appear that he bona fide believes that the facts stated by him are true, and unless, with at least some show of reason, he is of the opinion that his testimony is material. What we have said relates wholly to such testimony as is immaterial, and not only immaterial but volunteered by the witness, because, in a case where the testimony is given in direct response to a question propounded by an officer of the court, the witness is not to be the judge of the materiality of his answer, but is required to answer the question, if it is not objected to or is not self-incriminatory. "Pertinent matter in pleadings, motions,

affidavits, and other papers in any judicial proceeding, is abso-- lutely privileged, though false and malicious." And in determin- ing whether matter is pertinent or not, the court will indulge in. no strained, technical or close construction to deprive the defend-- ant of the protection of the privilege. 1 Cooley on Torts (3d ed.) 432, 251. This rule, which applies especially to parties, is rather extended than restricted, in favor of the witness. As said by Mr.. Townshend, "The due administration of justice requires that a wit- ness should speak, according to his belief, the truth, the whole truth,. and nothing but the truth, without regard to the consequences;. and he should be encouraged to do this by the consciousness that,. except for any willfully false statement [of a material fact],. which is perjury, no matter that his testimony may in fact be un-- true, or that loss ensues by reason of his testimony, no action for slander can be maintained against him. It is not simply a matter between individuals; it concerns the administration of justice.. The witness speaks in the hearing and under the control of the: court, is compelled to speak, with no right to decide what is ma- terial and what is immaterial; and he should not be subject to the: possibility of an action for his words." Townshend on Slander and. Libel, §223. See also Starkie on Slander, 242, Cooley, Const.. Lim. (7th ed.) 629, and Munster *v.* Lamb, L. R. 11 Q. B. Div. 588..

But we do not think that the testimony alleged to have been given by Heriot was immaterial. The proceeding in which the testimony was offered was a case in which Buschbaum was seeking an injunction and other relief against the Advocate Publishing Company. Necessarily, as the petition in the instant case alleges,. the petition for injunction was sworn to, and Buschbaum became a. witness to whatever facts were positively stated in the bill, and his. statements were to be taken as the truth, except in such particulars. as were denied upon oath in the answer. It was possible also that. additional testimony might have been coming from Buschbaum,. by supplemental affidavit, as is frequently the case. If there was. conflict between the petitioner and the respondent in the cause of Buschbaum against the Advocate Publishing Company (and the petition does not state that a judgment was rendered upon the: injunction pro confesso), the credibility of Buschbaum as a wit-- ness might be the most material matter of fact in the case. A. witness who testifies merely in impeachment of another witness is.

entitled to as absolute privilege as any other witness. We do not rule upon the point that the ruling of his honor Judge Cann is not sufficiently alleged in the petition; because his ruling, while binding upon the parties to the cause then pending before him, is not conclusive upon the defendant in the present case, who was not a party in the former proceeding, nor binding upon us. We hold that the affidavit was material and privileged, though it went only to the point of impeaching one who must necessarily have made an affidavit and is alleged to have done so, under the authority of the decision in *Conley* v. *Key,* 98 *Ga.* 115 (25 S. E. 914). In that case the plaintiff in error swore to the petition upon which the attachment nisi for contempt was issued. To meet the charge of contempt it was necessary for the defendant in that proceeding to answer on oath, and Judge Atkinson, rendering the opinion of the court, held, that it was perfectly competent for the defendant to support his answer, "either by the testimony of witnesses verifying its truth, or by proving to the satisfaction of the court that the person filing the information was so utterly unworthy of credit as that an information supported only by his affidavit was to all intents and purposes not sworn to at all. For the purpose of that inquiry, the plaintiff was a witness to the extent that his affidavit was the basis of the accusation, and testified against the defendant; and this rendered legitimate the production of impeaching affidavits."

As affidavits which are pertinent to the issue, when they are made in a judicial proceeding, are held to be privileged, and notwithstanding they may have been made maliciously, we conclude that the judge of the city court did not err in dismissing the petition; and the judgment is accordingly *Affirmed.*