1500.   BIBB, administratrix, *v.* CRAWFORD.

1. The publication of false and libelous matter only by signing an affidavit to be used upon the hearing of a case in equity or upon the hearing of any other issue in which the use of affidavits is permissible is absolutely privileged, and will not support an action for libel.
2. If one publishes a libel contained in an affidavit, intended for use in a judicial investigation or proceeding, otherwise than in some relation to that suit, the publication is generally not privileged.
3. The defense of privilege can not be raised by demurrer to the petition, unless the facts upon which the privilege may be asserted appear upon the face of the petition.

Action for libel, from city court of Savannah—Judge Freeman. October 26, 1908.

Argued December 15, 1908.—Decided May 4, 1909.

*Garrard & Meldrim, John T. Norris,* for plaintiff.

*Cann, Barrow & McIntire,* for defendant.

POWELL, J. Bibb brought suit against Crawford, alleging that the latter made and published an affidavit containing certain libelous language set forth in the petition, and that the language was falsely and maliciously used. The petition does not state how or to whom the libelous matter was published. The affidavit purports on its face to have been made for use in a suit pending in Bartow county, but whether it was so used or not does not appear from the record. The court sustained a general demurrer to the petition.

1, 2. It is undoubtedly true that if the publication of the affidavit by the defendant was only by making it and introducing it or allowing it to be introduced in evidence in the trial of a case pending in a court of competent jurisdiction (and this is the insistence of his counsel), the defendant could not be held liable, no matter how false or malicious it might be, for he could claim an absolute privilege. *Francis* v. *Wood,* 75 *Ga.* 648; *Wilson* v. *Sullivan,* 81 *Ga.* 238 (7 S. E. 274) ; *Conley* v. *Key,* 98 *Ga.* 115 (25 S. E. 914) ; *Hendrix* v. *Daughtry,* 3 *Ga. App.* 481 (60 S. E. 206) ; *Buschbaum* v. *Heriot,* 5 *Ga. App.* 521 (63 S. E. 645). "An action for defamation will not lie for anything sworn or stated in the course of a judicial proceeding before a court of competent jurisdiction, such as defamatory bills or proceedings filed in chancery, or in ecclesiastical courts, or affidavits containing false and scandalous assertions against them." 2 Addison on Torts, §1092. However, the present petition does not state how or in what manner the libel was published, nor was the plaintiff required by special demurrer, or otherwise, to give this information. So far as we are judicially informed, the defendant may have caused it to be published in a newspaper, or may have shown it to persons other than those connected with the court. The privilege that a witness may speak freely upon the stand or in affidavits, where that form of testimony is permissible, gives no immunity as to any publication of the scandalous matter, other than as connected with the suit or action in which the testimony is given. Where the libel is contained in an affidavit used in a judicial proceeding, as is true in cases where the testimony is delivered upon the witness stand, the sole redress against the witness is by a prosecution for perjury. But if a witness who has testified by affidavit publishes the false matter otherwise,—as by exhibiting it to persons not

connected with the suit or the court,—the fact that the same paper might afterward be used in a judicial proceeding, or that it has been previously so used, affords no protection.

3. The defense of privilege, being affirmative in its nature, can be raised by demurrer only when all the facts essential to its existence appear in the petition.　　　　*Judgment reversed.*