## 1266.   NELSON v. DAVIS.

Under the provisions of section 1010 of the Penal Code of 1895, a defendant on trial for crime has the right to make such statement to the court and jury as he may deem proper in his own defense. For this reason, the contents of his statement are matters of absolute privilege, so far as they are in any way connected with the case or would tend in any way to defend him from the charge, including what he may say as to the prosecutor and the witnesses in the case, or as to their bias, interest, character, or conduct. This right of absolute privilege is withdrawn only when the defendant in his statement leaves the case and the parties connected therewith entirely, and indulges in matters which no reasonable man can say are in any wise pertinent to the case or to his defense.

Action for slander; from city court of Brunswick—Millard Reese, judge pro hac vice.   June 6, 1908.

*Ernest Dart,* for plaintiff.

*Crovatt & Whitfield, Harry F. Dunwody,* for defendant.

RUSSELL, J.   Nelson brought an action against Davis for slander. On the trial the jury rendered a verdict for $1,000 in favor of the plaintiff.   Davis' motion for a new trial was granted, and Nelson excepts to the judgment.   The motion contains numerous grounds which it is unnecessary to recite, because the points involved are all referred to in the assignments of error in the bill of exceptions. The judgment setting aside the verdict is assigned as error for 26 reasons, the grounds being denominated by letters, and the alphabet exhausted.   These grounds are:

"(a)   Because, under all the evidence in said case, it plainly appears that the statements made by the defendant, J. B. Davis, were made maliciously, viciously, and for the purpose of malicious defamation of character.

"(b)   Because, from all the evidence in the case, it appears that the statements made by the defendant were impertinent, and had no bearing upon the facts in his case, and could not have been a part of his defense.

"(c)   Because, from all the evidence, it appears that the statements made by the defendant were not made bona fide, in the belief that they were pertinent and relevant.

"(d)   Because, as a matter of law, the statements of a defendant are not subject to cross-examination of counsel, and no statement made by the defendant could have been objected to, nor any motion

made to rule out the statement after it had been made, and therefore the defendant made these statements at his own risk:

"(*e*)  Because it appears from the evidence that the statements were made voluntarily by the defendant, and were not in response to any questions asked by counsel in the case, the materiality of which could not have been  waived by failure to object, and that said statements were made angrily, viciously, falsely, and maliciously, and for the purpose of defamation.

"(*f*)  Because, from all the evidence in the case, it appeared that this defendant used this right of making a statement in his own defense merely as a cloak for private spleen and malice, and he did it premeditatedly and impertinently.

"(*g*)  Because, from all the evidence, it appears that the statement of the defendant was not made bona fide in promotion of the object for which the defendant was permitted to make his statement to the jury, but that, being angry with the plaintiff, a witness against him, he deliberately, in his statement to the jury, made statements defamatory to the plaintiff, introducing extraneous matter which had nothing to do with the case, and which could only have been used for the purpose of defamation.

"(*h*)  Because it appeared, from the evidence, that the statements and the words spoken were false, and that they were uttered with malice.

"(*i*)  Because it appears that the defendant grossly abused whatever right or privilege was given him in allowing him to make his statement to the jury, and wandered outside the case and stated that which was immaterial and impertinent, and which was defamatory to the plaintiff, and that which had no bearing whatever on the case.

"(*j*)  Because, as a matter of law, the truth or falsity of the statements was not in issue in this case, there being no plea of justification filed by the defendant.

"(*k*)  Because there was no plea of absolute privilege filed in this case, but only a plea of conditional privilege; and, the court having submitted to the jury the question of fact as to whether or not, under the evidence, a state of conditional privilege existed, and the jury having found by its verdict, based upon the facts, that no state of conditional privilege existed, a new trial should not have been granted, and the same was and is error.

" (*l*)   Because, the jury having found, under all the facts in this case (that issue having been duly and properly submitted by the court), that the words uttered were uttered maliciously, were spoken with malice, that they were irrelevant, impertinent, and were not made bona fide in the belief that they were pertinent or relevant, but were made for the purpose of malicious defamation, a new trial ought not to have been granted, and the granting of it was and is error.

" (*m*)   All proper questions of fact having been submitted to the jury by the court for them to pass upon, and the jury, under all the evidence in the case, having passed upon all the facts submitted to them in favor of the plaintiff Nelson and against the defendant Davis, a new trial ought not to have been granted Davis, and the same was and is error.

" (*n*)   Because, the defendant having claimed the privilege, it was incumbent upon him to establish privilege; and, under all the facts in this case and the evidence introduced, the defendant wholly failed to establish conditional or absolute privilege.

" (*o*)   Because, as a matter of law, there is a vast difference between the statement of a party in response to questions asked by counsel, and the statement of a defendant made in his own behalf; and, under the rules of law, a defendant can not take advantage of the right to make a statement by slandering a person by introducing into that statement extraneous matter, as was done in this case.

" (*p*)   Because, under the defendant's own evidence in this case, in the testimony of Davis, he accuses the plaintiff, Nelson, of swearing falsely, and under the evidence in the case it is conclusively shown that this statement was false, and could only have been made maliciously, and, having been made maliciously, it was slander per se, and a recovery ought to have been had upon that ground, and to grant a new trial was error.

" (*q*)   The jury having found under proper instructions from the court that the words were not material, that they were not pertinent, and, having found that they were said maliciously, they have passed upon all facts properly submitted to them and which ought to have been submitted to them in favor of the plaintiff, and the granting of a new trial was and is error.

" (*r*)   Because, after the jury had found that the statements made by Mr. Davis were not pertinent nor material, and that Mr.

Davis did not believe them so to be, and, further, that he made the statements maliciously, as a matter of law the section relating to bar of recovery in cases of privileged communications did not apply, and, not having applied, the granting of said new trial was and is error.

"(s)   Because the jury found, under proper instructions, that Mr. Davis merely used his right to make a statement as a cloak to vent his private malice and spleen against the plaintiff, Nelson, and, having so found, it was and is error to grant a new trial upon their finding.

"(t)   Because the question as to whether or not the entire matter was a matter of privilege was a question of fact, to be determined solely by the jury under the evidence, and not by the court, and those questions having been properly submitted to the jury, and the jury having found in favor of the plaintiff, it was and is error to grant a new trial thereon.

"(u)   Because the question of whether or not Mr. Davis believed his statement to be pertinent and material, and in promotion of the object for which he was permitted to make a statement, was merely a question of fact, to be submitted to the jury, under the evidence, and not a question of law to be determined by the court, and, having been properly so submitted, it was and is error to grant a new trial upon their finding.

"(v)   Because, under the charge of the court, which restricted the jury in all things to the detriment of the plaintiff and was most liberal to the defendant, the jury had submitted to them all questions that it was proper to have submitted to them, and, having found in favor of the plaintiff upon all of the facts of the case, it was and is error to grant a new trial.

"(w)   Because, under the facts and pleadings in this case, there was no such condition shown as would have authorized the court to have ruled as a matter of law that the defendant's statements were material and pertinent, and that he believed them to be so, and that they were not made maliciously, but the court was compelled to and did properly submit all these questions to the jury, under a proper charge, and, the jury having found in favor of the plaintiff and against the defendant, the granting of a new trial was error.

"(x)   Because the judge of the court in his charge and rulings was most liberal to the defendant, and restricted the plaintiff in all

matters property, and the jury had all matters submitted to them as it was proper to submit, and, the jury having found in favor of the plaintiff and against the defendant, the granting of a new trial was error.

" (*y*)   Because, as a matter of law, the defendant himself can not state that the condition was a condition of privilege, but it is a question to be judged of in the light of the circumstances surrounding the transaction, and the circumstances must be passed upon and determined by the jury as was done in this case, and the grant of a new trial on their finding was error.

" (*z*)   Because, after having made the statement that Louis Nelson had testified falsely against him because he had refused him credit, the defendant had made all the statement that was necessary to show the jury that Nelson was not friendly to him because of his failure to allow him credit.   The subsequent statements made by Davis that this credit was refused because of Nelson's immoral life were statements irrelevant, impertinent, unnecessary, were unsolicited, gratuitous insults thrown at the plaintiff, and were statements maliciously made under cover of his right to make a statement, and were not either conditional or absolutely privileged, and for which there ought to have been a recovery, and, the jury having found these matters against the defendant, it was and is error to grant a new trial."

So far as the exceptions based upon the evidence are concerned, a review of the brief of the evidence shows that they are not altogether substantiated.   Especially is this true as to the exception that the evidence shows that the slanderous statement alleged to have been made by Davis was false. . We do not know upon what counsel for the plaintiff bases this exception, as the plaintiff himself, when on the stand, did not deny the accusation brought against him by Davis, and Davis reiterated that the statement he had made and which was the basis of the suit was the truth.   Unless there was other evidence that Davis' statement was false, the fact that Davis was convicted on his trial would not be conclusive that Nelson testified truly in the prosecution of Davis, certainly not unless there had been no other witness against Davis than Nelson; and this does not appear from the record.   Even if the inference that Nelson testified truly against Davis was authorized by the verdict finding Davis guilty, there is no evidence in the

record that Davis was convicted. The evidence upon this trial shows merely that upon the trial of Davis upon a previous occasion Nelson had testified that he heard Davis use profane language in the presence of females. *Davis, as was his right, made a statement to the jury in his own behalf, and asserted that Nelson had testified falsely against him, and gave ill will as the reason. He asserted, in his statement to the jury, that the underlying cause of Nelson's ill will was that he had refused Nelson credit for the reason that Nelson was himself a criminal, in that he lived in adultery with a negro woman. If an action could be brought at all upon this state of facts, it might be based either on the statement made by Davis that Nelson had testified against him falsely, or upon the ground that Davis had charged the plaintiff with the other crime. The plaintiff based his action, not upon the statement by the defendant Davis, in the criminal case against himself, that Nelson had testified falsely against him, but upon the other cause of action, that Davis, in the course of his statement as a defendant, had stated that he was guilty of another offense. The brief of the learned counsel for the plaintiff bears testimony to his indefatigable industry, patience, research, and exhaustive consideration of all the slander cases which have been before our courts; and the plaintiff's exceptions which we have quoted, we think, attest that there is scarcely any conceivable point that could be raised that has not been suggested in the present record. We think, however, that the various exceptions can be reduced within a very narrow compass.

The Civil Code of 1895, § 3840, defines the three classes of privileged communications in this State, as follows: "The following are deemed privileged communications: (1) Statements made bona fide in the performance of a public duty. (2) Similar statements in the performance of a private duty, either legal or moral. (3) Statements made with the bona fide intent, on the part of the speaker, to protect his own interest in a matter where it is concerned. (4) Fair and honest reports of the proceedings of legislative or judicial bodies. (5) Comments of counsel, fairly made, on the circumstances of his case, and the conduct of parties in connection therewith. (6) Comments upon the acts of public men, in their public capacity, and with reference thereto." In *Hendrix* v. *Daughtry*, 3 *Ga. App.* 481 (60 S. E. 206), and *Buschbaum* v.

*Heriot,* 5 *Ga. App.* 521 (63 S. E. 645), we have dealt with cases coming under the first division of the section. The present case, as we see it, is not controlled by this section which relates to conditional privilege, though it is within the terms of the third subdivision; and it may also be said to be protected by the second. We think that the 26 exceptions really raise but three questions: (1) whether a special plea of justification is necessary in an action for damages for slander or libel since the passage of the pleading act of 1893; (2) whether the plaintiff successfully carried the burden of proving malice, either actual or implied; (3) whether the words spoken were absolutely privileged. A decision might be reached under the peculiar facts of this case, and a judgment rendered thereon without considering the first two questions, but, inasmuch as the questions are raised by the record, we will decide them. It was held in *Etchison* v. *Pergerson,* 88 *Ga.* 620 (15 S. E. 680), that a plea of justification could not be joined with a plea of privilege, that the lesser was merged into the greater, and, where a plea of privilege affirmed that the slanderous language used was true, the effect was to make the plea merely one of justification. We think that since the passage of the Neel act (Acts 1893, p. 56), under which the defendant must specifically deny the allegations of the plaintiff's petition, a case of slander or libel presents no exception to the general rule, and that a general denial would be equivalent to a plea of justification, if the allegations of the petition contain averments sufficient to charge the falsity of the alleged slanderous words. It is unquestioned that in an action for damages for slander it is generally incumbent on the plaintiff to show that the defendant used the defamatory language with malice. We find no evidence which would have authorized the jury to find that the language used by Davis was the result of malice, except such as may be inferred from the crime charged, and while, upon this point, the verdict might have been supported by the evidence, it can not be said that the judge erred in granting a first new trial, even if he was influenced in granting it by this point alone.

The judge properly granted a new trial for the reason that the defamatory statement made by the defendant, Davis, was a part of his statement as a defendant on trial for a crime, and was absolutely privileged. So far as we can find, the question has never

been presented to the Supreme Court, and so few States of the Union permit a defendant to make an unsworn statement to the jury that there are no cases upon the point from other courts of last resort. We have no hesitation, however, in holding that a defendant can not be held liable for any language used by him in the course of his statement to the jury. Construing the third clause of section 3840 of the Civil Code of 1895, and section 1010 of the Penal Code of 1895, it is not remarkable that this is the first time in the history of our jurisprudence that there has been an attempt to mulct a defendant in damages for making, on his trial in a criminal case, such statement to the jury as he may deem proper in his own defense. As we have had occasion to remark heretofore, the right accorded by the statute of this State to a defendant in a criminal case to make a statement to the jury is an anomaly, but in the terms of the statute no restriction whatever is placed upon what he shall say. Speaking for himself, the writer is of the opinion that a defendant in his statement to the jury is absolutely privileged, so long as the statement is confined to a discussion of the parties and witnesses connected with the transaction, and may say whatever he pleases and thinks is proper; because, under any other rule, he would be required to determine the legal connection or propriety of his statement, and thus be hampered in his defense.

It is not denied in the present case that the plaintiff, Nelson, was guilty of the misdemeanor with which the defendant, Davis, in his statement, charged him. As Nelson had testified that Davis had used profane language in the presence of females, under the provision of law with reference to the statement of the accused in a criminal case (Penal Code of 1895, § 1010), Davis had the right to say whatever he thought proper tending to impair or destroy the credibility of the witness who had testified against him; and it was perfectly legitimate for him to state the reason why Nelson testified against him, and thus give to the jury a reason for his statement that Nelson had testified falsely. If he spoke truly, there was no slander in his statement; but conceding that his statement in regard to Nelson was false from beginning to end, and that it was influenced by malice, we do not think that this would alter the case, in view of the provision which gives the defendant the right to make "such statement as he may deem proper in his defense." We have already held in *Buschbaum* v. *Heriot,* supra, that

the testimony of a witness is absolutely privileged, and there is even more reason for holding that the unsworn statement of a defendant on trial for his life. or his liberty should be privileged. There is only one respect in which there would seem to be more reason why a witness should be privileged than a defendant making his statement to the jury, and that is that the witness may be prosecuted for perjury for knowingly and willfully making false statements, whereas the defendant can not be subjected to a prosecution for perjury, no matter how willfully, knowingly, and absolutely false his statement may be. Public policy grants the same privilege to the statement of the defendant as attaches to the testimony of a witness. Freedom of speech on the part of the defendant in the preservation of his rights demands that he shall have immunity from actions for damages, on like grounds as those on which public policy requires that every witness should be left free to speak fearlessly the truth without being in peril of being subjected to damages.

The judge does not place his grant of a new trial upon any specific ground of the motion, but we are. sure that his ruling is sound (if for no other reason) because there.can be no.recovery by the plaintiff in the present action for language used by the defendant in his statement, as a defendant, when on trial in a criminal case.

*Judgment affirmed.*