### 69489. RICH v. NEW.
(329 SE2d 176)

CARLEY, Judge.

Appellee is an attorney. He represented the daughter of appellant as a plaintiff in a civil action in which appellant was a named defendant. In the context of that action, appellee filed, on behalf of his client, a motion seeking to compel appellant to produce certain cancelled checks or copies thereof. See OCGA § 9-11-37. The trial court granted the motion and ordered that appellant produce the material by July 17, 1981. Thereafter, a motion for sanctions was filed based upon appellant's alleged failure to comply with the court-ordered discovery. A hearing on the motion for sanctions was conducted on August 24, 1981. At the conclusion of that hearing, the trial court found that appellant was in wilful contempt of its discovery order and sentenced him to 20 days in jail. See OCGA § 9-11-37 (b) (2) (D). However, the trial court's order afforded appellant an opportunity to purge himself of the contempt and to avoid incarceration by delivering the documents to the sheriff's office by 4:00 p.m. that afternoon. Another hearing on the question of appellant's compliance was held on September 28, 1981. At the conclusion of that hearing, the trial court found that appellant had not purged himself of the contempt in the manner specified and that he continued to be in wilful contempt of its discovery order. Appellant was then ordered to jail for the 20 days. Appellant filed no appeal from this adjudication of contempt and he served his 20-day sentence.

In September of 1983, appellant filed the instant pro se action against appellee. According to the allegations of the complaint, appel-

lee was responsible for appellant's incarceration for contempt. In essence, appellant's allegations were as follows: After the contempt hearing on August 24, 1981, appellant and appellee had made a "deal" with regard to appellant's compliance with the trial court's order allowing the contempt to be purged; appellee failed to meet his end of this deal with appellant; at the subsequent hearing on September 28, 1981, appellee had sworn falsely that no such "deal" existed; and the result of appellee's failure to meet his end of the deal and of his false testimony to the court on September 28, 1981, was that appellant had been wrongfully incarcerated for contempt.

Appellee answered the complaint, denying the material allegations thereof and raising other defenses. After discovery, appellee moved for summary judgment. A hearing was held and appellee's motion was granted. Appellant appeals.

The issue of whether appellant was in contempt of court or had purged himself of that contempt is not a subject which can be relitigated. In 1981, the trial court heard the evidence in that regard and found that appellant was in wilful contempt of its order. That finding, from which no appeal was taken, is res judicata. The credibility of both appellant and appellee was an issue for the trial court when it conducted the hearing on September 28, 1981. That issue was obviously resolved in favor of appellee and against appellant.

The instant civil action is, in effect, no more than an attempt to institute a collateral attack on the trial court's determination of September 28, 1981, as to the respective credibilities of appellant and appellee. Appellant contends that appellee falsely swore at that former hearing. However, "[g]enerally the testimony delivered in a judicial proceeding and before a court with jurisdiction to consider the questions at issue is absolutely privileged." *Buschbaum v. Heriot*, 5 Ga. App. 521 (2) (63 SE 645) (1908). "An absolute privileged communication is one in respect of which, by reason of the occasion on which, or the matter in reference to which, it is made, *no remedy can be had in a civil action*, however hard it may bear upon a person who claims to be injured thereby, and even though it may have been made maliciously. [Cit.]" (Emphasis supplied.) *Shiver v. Valdosta Press*, 82 Ga. App. 406, 410-411 (61 SE2d 221) (1950). On September 28, 1981, the trial court clearly had jurisdiction over the issue of whether appellant was in contempt of its order or had purged himself of that contempt. Whatever testimony appellee may have given in the context of that hearing as to that issue was pertinent evidence. This being true, appellant has no civil remedy based upon allegations that appellee's testimony was false. "No matter how falsely a witness may testify, nor that his false testimony is prompted by malice, *the criminal law affords the only redress*. Even if the false testimony be given with the single purpose of bringing the object of the witness' malice into ha-

tred, contempt, and ridicule, the case is not affected. Freedom from vexatious litigation for honest and unbiased witnesses is so important that the law will not take the risk of submitting the honest witness to fear of such danger, in order that a false and malicious witness may be mulcted in damages." (Emphasis supplied.) *Buschbaum v. Heriot,* supra at 525-526.

The record demonstrates that no genuine issue of material fact remains as to the existence of any viable civil remedy against appellee stemming from appellant's being adjudicated in contempt of court and his resulting incarceration. Summary judgment was correctly granted to appellee.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 28, 1985 —
REHEARING DENIED MARCH 21, 1985 — 

*W. M. Rich*, pro se.
*F. Thomas Young, William A. Turner, Jr.*, for appellee.