SWIFT <i>v.</i> WITCHARD.

1. To authorize a recovery of damages for a malicious prosecution, it must, under the provisions of the Civil Code of this State, appear not only that a criminal prosecution was maliciously instituted, but also that the same was maliciously "*carried on*"; that is to say, some progress beyond suing out a warrant must have been made, in order to give a right of action to the injured party.

2. Simply making an affidavit before a justice of the peace, charging one with an offense against the criminal laws of this State, when not followed up by an arrest, does not render the prosecution, even if malicious and without probable cause, actionable.   Before it would become so, there must at least have been an arrest and an inquiry before a committing court.

3. Accordingly, where a petition alleges that the defendant swore out a warrant before a justice of the peace, charging the plaintiff with a criminal offense, which was not followed by having the warrant placed in the hands of an officer to execute, nor by the arrest of the defendant, nor by any further prosecution of the charge, this did not, under our law, constitute a malicious prosecution from which a right of action could arise.

Argued October 25, — Decided November 30, 1897.

Action for damages.    Before Judge Smith.    Irwin superior court.    April term, 1897.

*Cutts & Lawson,* for plaintiff.

Little, J.    The plaintiff in error brought his action against the defendant to recover damages, alleging in his petition, among others, the following facts. on which he relied for a recovery : On October 20, 1896, the defendant swore out before Wm. B. Moore, N. P. & Ex. Off. J. P., a warrant charging petitioner with the offense of perjury.    He was not guilty of said offense, and the charge was untrue.    There was no probable

cause of suspicion to authorize the swearing out of said warrant. The taking out of same was due solely to the malice of said defendant; and the prosecution had been abandoned. There were a great number of other matters set out in the petition, unnecessary in any aspect of the case to be either averred or proved; but, taken as a whole, the petition must be treated as an action to recover damages for malicious prosecution. The first ground of the demurrer is, that "plaintiff, by the allegations set forth in the petition, states no facts that would entitle him to recover damages from the defendant." This ground of the demurrer we consider to be good. The reason given by the pleader in explanation of the same, "there being no special or actual damages alleged," need not be considered or passed on, under the view which we take of the case.

1, 2. Treating the petition as properly brought, and as an action to recover damages for a malicious prosecution, we find that it is based on the fact that the defendant made an affidavit before an officer authorized to issue a warrant for a violation of the criminal laws, charging the plaintiff with perjury, and that a warrant issued on the affidavit, but was not placed in the hands of an officer for execution, nor was the plaintiff ever arrested under it, nor were any further proceedings had, and it was subsequently permanently abandoned. The question is, do these facts constitute such a prosecution as would authorize an action, if such acts were done with malice and without probable cause? We have given to the common-law authorities which bear on this question a careful examination for the purpose of properly construing the section of our code which governs the right of action in cases of this character, and we find much conflict to exist. In 2 Addison on Torts, § 856, the rule governing the right of action for a malicious prosecution is laid down in these words: "If a defendant maliciously and without reasonable and probable cause has attended before a magistrate and made a complaint, and induced the magistrate to issue a warrant against the plaintiff, the defendant is responsible in damages in an action for a malicious prosecution." It would seem that this authority bears directly on the question in this case, and it would do so were it not for the

fact that this author, in defining what is meant by a malicious prosecution, uses these words: "To put the criminal law in force maliciously and without any reasonable or probable cause is wrongful; and if thereby another is prejudiced in property or person, there is that conjunction of injury and loss which is the foundation of an action." It would seem to follow logically, that where a malicious prosecution is "to put the criminal law in force maliciously," an action for damages would lie for maliciously and without probable cause making an affidavit which charged another with a violation of a criminal law. By making this affidavit the criminal law was put in force; that is, the affidavit being made, a warrant for the apprehension of the accused issues, as a matter of law. In Webb's Pollock on Torts, 392, it is said, to make out the case, that it must be shown that there was a want of reasonable and probable cause for the *prosecution.* Judge Cooley, in his work on Torts (2d ed.), 208, declares the action to lie when, among other things, it appears that "a suit or proceeding has been *instituted* without any probable cause therefor," and cites, as a sufficient proceeding on which such a suit may be based, the procuring of a search-warrant (67 Ind. 375), filing an affidavit as beginning of bastardy proceedings (84 Ind. 105), taking out a peace warrant (62 Md. 577), etc. Under the conditions stated by this author for the maintenance of an action, to wit, "the institution of a criminal prosecution (or civil suit)," the authorities cited are perfectly applicable, and support the text. For the contrary doctrine, that an action to recover damages for a malicious prosecution will not lie for merely preferring an accusation, see Newell on Malicious Prosecution, § 10, p. 14, and a large number of authorities cited to support that proposition, in note. It will be thus seen that the authorities are in conflict as to whether making an affidavit to cause the arrest of another on a criminal charge, without more, is such a prosecution as will, when the other requisites to maintain it have been shown, support a suit for recovery. But, as far as the law which may be applicable elsewhere is concerned, we are very clear that the mere making of an affidavit for the purpose of causing the issuing of a warrant for the arrest of another on a criminal charge,

even when maliciously done, and without probable cause to support a belief in his guilt, is not such a prosecution, under the terms of our code, as will suffice to support a suit for damages for a malicious prosecution. We have seen that the doctrine as laid down by Addison, supra, applies in cases where to "put the criminal law in force maliciously and without probable cause". gives the right of action, and that the cases cited by Judge Cooley apply when a proceeding has been instituted without probable cause, maliciously, and has terminated; and that then the right of action accrues on the institution of the prosecution.

A right of action is given by our code only for "a criminal prosecution maliciously *carried on.*" Civil Code, § 3843. Not where the criminal law has been put in force, nor where a proceeding has been instituted, but only when a criminal prosecution has been "carried on"; that is, where by the act of the defendant something more than putting the law in motion, or the institution of a criminal proceeding, has been done. It must be a prosecution carried on, as the antithesis of a prosecution instituted. But our code goes still further. It fixes and declares what kind of a prosecution is sufficient to sustain the action (§ 3849). Under the title "Malicious Prosecution," and in the chapter dealing with that title, it is expressly provided that "an inquiry before a committing court or a justice of the peace amounts to a prosecution." The meaning of this section is that any criminal proceeding or action had, which is not carried to the extent of having an inquiry before a committing court, is not sufficient to sustain an action to recover damages for a malicious prosecution, because in defining this right of action, and declaring when it exists, the provision of the common law, that the institution of a proceeding is sufficient to sustain the action, has been changed, and it only lies when the prosecution is "carried on"; that is, when instituted, the prosecution has been carried on so far as to bring the person charged before some officer, body or authority invested by law with the power and duty of inquiring into the merits of the charge. The suing out of a warrant maliciously and without probable cause is a wrong; but whatever redress the person

charged may have, it is not by an action to recover damages as for a malicious prosecution. The mere suing out of a warrant, without carrying on the prosecution so begun, may, under the authorities above referred to, in other jurisdictions be sufficient to sustain an action to recover damages; but it is because in such cases the institution of a criminal proceeding maliciously and without probable cause gives the right of action. But under our statute, where this right of action is only given where such prosecution is carried on, the affidavit made for the purpose of having a warrant issued, though false, and made as the result of malice, and without any cause, will not serve as a proper foundation for this suit. Even if the warrant issued, and the party was arrested, this, without more, would not be sufficient cause for such an action. The party aggrieved would have a right of action for malicious arrest, as is provided by the Civil Code in another section. Our legislation on this subject is consistent. While the issuance of a warrant maliciously and without probable cause, and the arrest of the party charged, will not support an action for malicious prosecution, it is sufficient ground on which may be based an action for damages caused by a malicious arrest. See Civil Code, § 3854. The issuance of a warrant follows on an affidavit for that purpose being made, and the arrest follows the issuance of the warrant. If, therefore, the arrest does not amount to a prosecution which is sufficient in the terms of our statute to be the basis of an action for malicious prosecution, by no process of reasoning can an affidavit, made for the purpose of having the warrant issued, afford such cause.

3. It follows from what has been said, that the allegations in the petition did not affirmatively show such a prosecution as is necessary to be proved in order to recover in an action for damages for a malicious prosecution, because these facts do not constitute such a proceeding as amounts to carrying on a criminal prosecution; and nothing being alleged except the making of the affidavit and the issuing of the warrant, without arrest or inquiry by a body authorized by law to investigate the charges made, the judgment of the court below in dismissing the petition on demurrer must be

     *Affirmed. All the Justices concurring.*