## 292. HENDRIX *v.* DAUGHTRY..

As against an action for slander, answers of a witness, responsive to questions asked by counsel and not disallowed by the court, are absolutely privileged.

Action of slander, from city court of Statesboro—Judge Brannen. August 28, 1906.

Submitted April 29, 1907.—Decided January 29, 1908.
*Brannen & Booth, R. Lee Moore,* for plaintiff in error.
*H. B. Strange, Deal & Lanier,* contra.

RUSSELL, J. Daughtry brought an action for damages against Hendrix for slander. He alleged, that the defendant used of and concerning him the following false and malicious words: "E. Daughtry stole money from me, and I can prove it by his mother-in-law. She saw him take it out of my pocket." On the trial the jury rendered a verdict in favor of the plaintiff for $100. The defendant excepts to the judgment overruling his motion for a new trial. It appears from the evidence, that the language which was used by Hendrix was his testimony on the trial of Daughtry for arson. The only time that the defendant is shown to have used the language was upon this occasion, when he was a witness, and in response to questions asked by counsel. The grounds of the motion for a new trial are that the verdict is contrary to law and contrary to evidence; also, that the court erred in not directing a verdict for the defendant; and that the judge erred in his charge, and in the admission of certain testimony prejudicial to the defendant.

The main question in the case is whether or not the language used is absolutely privileged, by reason of the fact that the words spoken were used in direct response to a question by counsel in the course of legal investigation. In our opinion it is immaterial, so far as the verdict is concerned, whether the testimony of a witness be treated as the subject of conditional or of absolute privilege. In either event the verdict is wrong, and a new trial should have

been granted. If the testimony of a witness be held to be matter of conditional privilege, the burden still rests upon the plaintiff to prove that the words spoken are false, and that they were uttered with malice. This burden the plaintiff totally failed to carry. It has, so far as we have been able to discover, not heretofore been decided in this State whether the testimony of a witness, whose duty it is to answer questions propounded to him, is or is not a matter of absolute privilege. It is true that our code does not treat of the matter at all. The only reference in the Civil Code is to a conditional privilege. The Supreme Court has, however, in several decisions, recognized that absolute privilege exists in this State. In *Lester* v. *Thurmond,* 51 *Ga.* 119, and in *Atlanta News* v. *Medlock,* 123 *Ga.* 719 (51 S. E. 756, 3 L. R. A. (N. S.) 1139), it is said that the privileged communications mentioned in the Civil Code, §3840, are those where the privilege is conditional. The existence of an absolute privilege necessarily arises by implication. When a witness takes the stand to testify in behalf of either party to the cause, he is not permitted to judge of what is relevant or material to the issue. The occasion is one of privilege; that it is absolute is the view of a majority of the text-writers upon the subject. "Upon principles of public policy, neither party, witness, counsel, judge, nor jury can be put to answer civilly or criminally for words spoken in office." Jaggard on Torts, 526. No action will lie against the witness at the suit of a party injured by his false testimony, even though malice be charged, but he must be left to be dealt with by criminal law. The rule assumes, however, that he will not wander from the case in giving his testimony, and abuse his privilege by testifying to that which is immaterial and impertinent, and which has not been called out by questions of counsel. Cooley on Torts, 211. The prevailing rule in this country seems to be that where the words spoken or written are pertinent or material to an inquiry, and where the answers given are made by him in direct response to questions propounded by the court or counsel, the privilege is absolute; but where the statements are irrelevant or impertinent, they will not be protected, unless they were made bona fide in the belief that they were pertinent or relevant, and not for the purpose of malicious defamation. 18 Am. & Eng. Enc. Law (2d ed.), 1026; Burdick on Torts, 321. In this case the question of the

materiality of the evidence drawn from the witness Hendrix by questions of counsel is concluded, because it appears that there was no objection to the question or answer, nor any motion made to rule out the testimony after it had been admitted. Having held that the position of the witness is one of privilege, where the answers are directly responsive to questions which are material or the materiality of which is waived by failure to object, it follows, as a matter of course, that the plaintiff was not entitled to recover. "No action will lie, even though it be averred that the injurious publication was both false and malicious, where the communication is absolutely privileged." Cooley on Torts, 211.

2. It also follows, from what has just been stated, that the court erred in charging the jury: "But if the privilege is used merely as a cloak for venting private malice, and not bona fide in promotion of the object for which the privilege is granted, the plaintiff should recover." *Judgment reversed.*