41849.   HORTON v. TINGLE et al.

SUBMITTED MARCH 7, 1966—DECIDED APRIL 5, 1966—
REHEARING DENIED APRIL 21, 1966.

*Oze R. Horton,* for appellant.

*Scott Walters, Jr.,* for appellees.

FELTON, Chief Judge. 1. The first enumerated error is the court's judgment overruling the plaintiff's demurrers to the defendants' answers. The demurrers did not allege that the answers had not been served, but merely that they were "uncertified to

as to service." Furthermore, this ground of the demurrers is not argued in the appellant's brief. For a situation involving failure of service, see *Wright Contracting Co. v. Waller,* 89 Ga. App. 827 (2c) (81 SE2d 541).

The answers were not pleas of "general issue." The defendant "may in a single paragraph deny or admit any or all of the allegations in any or all of the paragraphs of the petition." *Code* § 81-306 (Ga. L. 1893, p. 56; Ga. L. 1895, p. 46). The court, therefore, did not err in its judgment overruling the demurrers to the answers.

2. Enumerated errors 2, 3 and 4 are the court's judgments directing a verdict and entering judgment for the defendants and overruling the plaintiff's motion for new trial.

The alleged slanderous statement was given as evidence in open court by a witness, whose duty it was to answer questions propounded to him. Such statements are deemed privileged communications. *Code.* § 105-709 (1). Whether such testimony is a matter of absolute or merely conditional privilege determines whether or not it can be actionable as slander. Apparently, the first Georgia case dealing with this question is *Hendrix v. Daughtry,* 3 Ga. App. 481 (60 SE 206), which held that, "[a]s against an action for slander, answers of a witness, *responsive to questions asked by counsel and not disallowed by the court,* are *absolutely* privileged." (Emphasis supplied.) The later case of *Buschbaum v. Heriot,* 5 Ga. App. 521 (2) (63 SE 645), rather than following the holding that testimony is *absolutely* privileged, held instead that "[t]he circumstances under which testimony is given determine whether the privilege of a witness is absolute or conditional." These somewhat inconsistent pronouncements may be reconciled if the *Hendrix v. Daughtry* case is construed to mean that the testimony is *absolutely* privileged, *conditioned* on the fact that it is responsive to questions asked by counsel and not disallowed by the court. It would seem that a more concise and accurate statement of the law would have been that the testimony is *conditionally* privileged (the conditions being those abovementioned). The latter is apparently the effect of subsequent decisions, although there persists a tendency to categorize testimony as either ab-

solutely or conditionally privileged, rather than simply recognizing that it is all conditionally privileged; in that, to be privileged at all, it must meet certain specified conditions, or criteria. This dichotomy was further expounded in *Buschbaum v. Heriot*, supra, as follows: "Generally the testimony delivered in a judicial proceeding and before a court with jurisdiction to consider the questions at issue is absolutely privileged. No actionable liability attaches to a witness for any statement in his testimony (no matter how false or malicious it may be), unless the witness, without being asked, volunteers a false and malicious defamatory statement which is not pertinent, and which the witness neither believes to be true nor has any sufficient reason to believe to be material. The answers of a witness in direct response to questions by counsel (which have not been forbidden by the court) are absolutely privileged; and though the statements of the witness in testimony thus adduced be not only defamatory and malicious, but knowingly false, a prosecution for perjury is the only redress provided by law." This case was followed in *Veazy v. Blair*, 86 Ga. App. 721, 724 (72 SE2d 481). This distinction of terms would not be so important were it not for the fact of the consequences of the classification of privileges. "The characteristic feature of absolute, as distinguished from conditional, privilege, is that in the former the question of malice is not open; all inquiry into good faith is closed" (*Atlanta News Pub. Co. v. Medlock*, 123 Ga. 714 (3) (51 SE 756, 3 LRA (NS) 1139); *Camp v. Maddox*, 93 Ga. App. 646, 650 (92 SE2d 581)), whereas under a conditional privilege, good faith and malice are both questions of fact to be submitted to and determined by a jury. *Lamb v. Fedderwitz*, 71 Ga. App. 249, 254 (30 SE2d 436). Our view that such testimony is conditionally privileged seems to be sustained in *Atlanta Journal Co. v. Doyal*, 82 Ga. App. 321, 328 (60 SE2d 802), which states that ". . . it is clear that the communications enumerated in *Code* §§ 105-704 and 105-709 are only conditionally privileged. *Fedderwitz v. Lamb*, 195 Ga. 691 (25 SE2d 414)."

Assuming, then, that the subject testimony was conditionally privileged, did the conditions upon which the privilege depended exist? " 'Strict legal materiality or relevancy is not required

to confer the privilege; and in determining what is relevant or pertinent the courts are liberal, resolving all doubt in favor of relevancy or pertinency.' 53 CJS 171, § 104 (c) (1) (b). . . . According to the American Law Institute, Restatement, Torts, Vol. III, § 588, the testimony of a witness is absolutely privileged 'if it has some relation' to the judicial proceeding in which he is testifying." *Veazy v. Blair*, 86 Ga. App. 721, 725, supra.

The action in which the alleged slanderous statement was made was one by the plaintiff against the defendants to recover an amount allegedly due him on account. The present petition alleges that the question which preceded the statement was, "What about the desk?" The certified transcript of excerpts of testimony of Ben Tingle, Jr. in the former case, admitted in evidence in the present case without objection, shows that the question to which the answer was given was, "Did you try to get the desk back from him?" In either event, the disposition of the subject desk was a pertinent matter of inquiry in that it was alleged to have represented a partial payment (the value or amount of which was in dispute) on the account. The question, or questions, were not forbidden by the court. The question remains as to whether the statement was responsive to the question(s) or was merely volunteered by the defendant and was actionable per se as accusing the plaintiff of the crime of larceny, as appellant contends. It will be noted that the defendant stated that he *"started* to go to an attorney and go ahead and put a criminal warrant on him for actual thievery." The fact that he did not actually do this could be construed as evidence that he was not convinced that the plaintiff had indeed stolen the desk. Similarly, the statement, that the plaintiff didn't have any right to go into his place and take the desk and put it in his (the plaintiff's) place, did not accuse the plaintiff of having stolen the desk, since it did not claim that the plaintiff did not think he had a right to take the desk. Under the aforementioned liberal tests of relevancy and pertinence, the answer had sufficient relation to the question to be considered as directly responsive. Under the authority of the *Hendrix v. Daughtry* and *Buschbaum v. Heriot* cases, supra, the testimony

was therefore absolutely privileged. To state it another way, the conditions of the conditional privilege were met, making the privilege an absolute one. The court, therefore, did not err in directing the verdict in favor of defendant Ben Tingle, Jr. Since the statement was not actionable the direction of the verdict in favor of the co-defendant was likewise not error.

*Judgment affirmed. Frankum and Pannell, JJ., concur.*