75665. QUIKRETE COMPANIES v. SCHELBLE.
(367 SE2d 114)

McMURRAY, Presiding Judge.

Plaintiff Schelble brought an action against The Quikrete Companies, seeking damages for alleged defamatory statements which

were published in a letter dated January 9, 1986, and prepared by defendant's attorney. The letter was allegedly addressed to plaintiff and a copy forwarded to plaintiff's employer.

Plaintiff contended that the letter dated January 9, 1986, was published with the intent to injure him in his profession "and is actionable per se." In this vein, plaintiff moved for summary judgment and, in opposition, defendant asserted, among other defenses, that the letter was a privileged communication under OCGA § 51-5-7 (3). The trial court granted plaintiff's motion for summary judgment and this appeal followed. *Held*:

" 'A charge made against another in reference to his trade, office or profession, calculated to injure him therein, is actionable per se unless made under circumstances which constitute it a privileged communication . . .' *Van Gundy v. Wilson*, 84 Ga. App. 429, 429-430 (66 SE2d 93) (1951)." *Sherwood v. Boshears*, 157 Ga. App. 542, 543 (278 SE2d 124). OCGA § 51-5-7 (3) provides that "[s]tatements made with a good faith intent on the part of the speaker to protect his interest in a matter in which it is concerned [are privileged communications]." The privilege provided by this Code subsection is conditional "because Georgia law allows recovery if the privilege is used as a cloak for the venting of the private malice. Code § 105-710 [now OCGA § 51-5-9]." *Sherwood v. Boshears*, 157 Ga. App. 542, 543, supra.

" '[W]here the language used is actionable per se, malice is implied, except where the occasion of the utterance renders it privileged, in which case, while the occasion does not excuse if the accusation is maliciously made (Civil Code (1910), § 4437 [now OCGA § 51-5-9]), *the burden is put upon the plaintiff to establish malice*,' citing the *Lester* [*v. Thurmond*, 51 Ga. 118] and *Hendrix* [*v. Daughtry*, 3 Ga. App. 481 (60 SE 206)] cases. (Emphasis supplied.) *Lamb v. Fedderwitz*, 71 Ga. App. 249, 253 (30 SE2d 436). Further "whether such communication is uttered maliciously is a question of fact for the jury trying the case to determine. [Cits.]" *Lamb v. Fedderwitz*, 71 Ga. App. 249, 252, supra.

In the case sub judice, the executive vice president of defendant corporation, deposed in his affidavit that he directed defendant's attorney to write the letter which is the basis of this action "with a good faith intent to protect the [defendant] company's interest in its confidential commercial information, and for the purpose of seeking the return of any confidential commercial information which [plaintiff] may have taken with him upon his departure from the [defendant] company and to assure that such information would remain confidential . . ." In his deposition, the executive vice president testified that a copy of the letter was forwarded to plaintiff's employer as a "courtesy" after a telephonic inquiry regarding verification of plaintiff's

employment.[1] Other evidence in the record indicates that defendant's competitors may have access to business information which was provided to them by plaintiff. On the other hand, plaintiff fails to point to any direct evidence showing that defendant maliciously forwarded a copy of the letter to his employer. Under these circumstances, we find the evidence sufficient to create a question of fact with regard to defendant's privilege and its "actual malice" in directing its attorney to forward to plaintiff and plaintiff's employer the aforementioned letter.[2] Consequently, assuming, without deciding, the above letter was actionable per se, the trial court erred in granting plaintiff's motion for summary judgment.

*Judgment reversed. Sognier, J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED MARCH 11, 1988.

*Kent T. Stair, Douglas A. Wilde*, for appellant.
*Mark Jay Schultz*, for appellee.

---

[1] Plaintiff's employer is not involved in the production or sale of products similar to those related to defendant's business. It appears, however, that deponent contacted plaintiff's employer to verify that plaintiff was not working for a competitor of defendant. According to deponent's testimony, plaintiff's employer informed him that plaintiff had been offered a job in the field of business in which defendant specialized but that plaintiff did not accept the offer.

[2] See OCGA § 51-5-7 (6) and 23 ALR4th 932, with regard to attorneys' privilege and alleged defamatory statements made under the circumstances of a case in which an attorney is involved.