## 77311. RIVERS v. GOODSON.
(373 SE2d 843)

DEEN, Presiding Judge.

Tolliver R. Rivers filed a complaint against William B. Goodson alleging that Goodson had slandered him in testimony given at a Federal Communications Commission (FCC) hearing presided over by an Administrative Law Judge. Rivers appeals from the grant of summary judgment in favor of Goodson. *Held*:

The FCC subpoenaed Goodson to appear and testify before the ALJ *In the Matter of Silver Star Communications of Albany*, FCC Docket Number 86-155. An attorney for the FCC questioned appellee on direct examination about an assault against him in 1981 and asked questions about the subsequent investigation into the identity and origin of Goodson's assailants. After the judge overruled an objection to questions as to who was behind the attack, the FCC attorney asked appellee if, as a result of his personal investigation and other investigations, he had reached a conclusion as to the identity of the attackers. Goodson replied, "I have no conclusion as to the identity of the attackers." The attorney then asked, "Did you reach any conclusion regarding the — any individuals connected with these two individuals that attacked you?" Goodson replied that he had, and when questioned as to conclusions he replied, "I believe the attackers were hired by Mr. James L. Rivers and his family." Rivers brought his slander action against Goodson approximately one year later.

Witnesses who testify in judicial proceedings are absolutely privileged against defamation actions arising out of their responsive testimony. *Veazy v. Blair*, 86 Ga. App. 721, 724 (72 SE2d 481) (1952); *Horton v. Tingle*, 113 Ga. App. 512, 514 (149 SE2d 185) (1966). In *Fedderwitz v. Lamb*, 195 Ga. 691, 696 (25 SE2d 414) (1943), the characteristic of an absolute privilege, as distinguished from a conditional privilege, was determined to be the issue of malice. Malice is not an issue in absolute privilege; "all inquiry into good faith is closed." As stated in *Horton v. Tingle*, supra, the test for applying the privilege is whether a witness' answer is responsive to an individual question and not, as asserted by appellant, whether it embraces the ultimate issue before the court.

In the instant case, objections to this line of questioning were overruled, and the witness was required to answer the questions asked by counsel for the FCC. His response was absolutely privileged.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED OCTOBER 3, 1988.

*Ben B. Mills, Jr.*, for appellant.
*Gary C. Christy*, for appellee.