### A89A1132. BELL v. ANDERSON.
(389 SE2d 762)

BENHAM, Judge.

Appellant Bell brought suit against appellee/attorney Anderson, alleging that Anderson had slandered Bell in a mid-trial, in camera conference held in the chambers of the federal district court judge presiding over the trial in which appellee represented a party and appellant was a witness. The trial court below granted appellee's motion for summary judgment, concluding that appellee's allegedly slanderous remarks were absolutely privileged. This appeal followed the entry of that judgment.

During the federal court trial, appellee requested a conference attended by the presiding judge, the court reporter, and the opposing attorney. Appellee then related to the assembled group that a scheduled witness had "volunteered that one of the individuals involved in this case came to see her at the bank, discussed these accounts and left a fairly sizable bag of cocaine." Upon inquiry from the judge, appellee identified appellant as the person allegedly in possession of co-

caine. Recognizing the possible relevance of the information but refusing to rule on its admissibility in advance, the judge advised the attorneys to approach the bench and seek a ruling before bringing the information out in court. The information was never brought up in court during the remainder of the trial. Approximately 45 days after the in-chambers conference, appellant filed this suit against appellee, alleging that appellee's remarks during the conference constituted slander per se. Characterizing appellee's statement as an in camera proffer of relevant and material evidence and seeing no distinction between a proffer of evidence and pleadings, which are absolutely privileged under OCGA § 51-5-8, the trial court granted appellee's motion for summary judgment.

"From motives of public policy the law recognizes certain communications and publications as privileged. The privilege which the law thus accords the speaker or publisher is either absolute, entirely freeing the party from any liability to the person injured by the words or the publication, or conditional, that is, the words shall be spoken in good faith, upon a proper occasion. When the privilege is absolute, the motive of the publication is immaterial. When the privilege is conditional actual malice will bring about liability. . . . '[T]he characteristic feature of absolute, as distinguished from conditional, privilege is, that in the former the question of malice is not open; all inquiry into good faith is closed.' The remarks of a legislator in debate, the words of a judge in the course of a judicial proceeding, the averments in a pleading filed in a court of competent jurisdiction, which are pertinent and material to the relief sought, are instances of absolute privilege." *Atlanta News Publishing Co. v. Medlock*, 123 Ga. 714, 719 (51 SE 756) (1905). OCGA § 51-5-8 provides that "[a]ll charges, allegations, and averments contained in regular pleadings filed in a court of competent jurisdiction, which are pertinent and material to the relief sought, whether legally sufficient to obtain it or not, are privileged. However false and malicious such charges, allegations, and averments may be, they shall not be deemed libelous." The statement at issue here cannot be construed as a pleading (see OCGA § 9-11-7 (a)) and, while recognizing that the remark was made during a proceeding in federal court, we note that under Georgia law it was not a proper offer of evidence. See *Flynt v. State*, 153 Ga. App. 232, 242 (264 SE2d 669) (1980).

An allegedly slanderous statement made in open court by a testifying witness is absolutely privileged *if* "it is responsive to questions asked by counsel and not disallowed by the court." *Horton v. Tingle*, 113 Ga. App. 512 (2) (149 SE2d 185) (1966). See also *Rivers v. Goodson*, 188 Ga. App. 661 (373 SE2d 843) (1988). If, as here, the testimony of the witness would have been absolutely privileged, since the trial court found the evidence relevant, we can only hold that an at-

torney's in camera summarization of that relevant evidence is similarly privileged. We decline to adopt appellee's suggestion that we recognize an absolute privilege for communications made by an attorney in court or to opposing counsel or opposing parties preceding or in the course of litigation in light of the cases in which an attorney's conditional privilege in such situation has been recognized. See, e.g., *Atlanta News Publishing Co. v. Medlock*, supra; *Lester v. Thurmond*, 51 Ga. 118 (1874); *Quikrete Cos. v. Schelble*, 186 Ga. App. 330 (367 SE2d 114) (1980).

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 31, 1989 —
REHEARING DENIED DECEMBER 19, 1989.

*Jones, Brown & Brennan, Taylor W. Jones*, for appellant.
*Savell & Williams, William S. Goodman, Charles M. Dalziel, Jr.*, for appellee.