A05A1156. McNEELY v. THE HOME DEPOT, INC. et al.
(621 SE2d 473)

RUFFIN, Chief Judge.

Charles McNeely sued The Home Depot, Inc., Home Depot U.S.A., Inc., and a Home Depot employee for malicious prosecution. The defendants moved for summary judgment, which the trial court granted. McNeely appeals. For reasons that follow, we affirm.

Summary judgment is proper when the evidence, construed in a light most favorable to the nonmovant, demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.[1] Viewed in this manner, the record

---

[1] See *Gibbs v. Loomis, Fargo & Co.*, 259 Ga. App. 170 (576 SE2d 589) (2003).

shows that McNeely was employed by Brinks, and he was responsible for retrieving cash deposits from a Home Depot store.

According to the record, the Home Depot store had a vault room that was connected to a transfer room by a two-sided transfer safe. Under Home Depot's store policy, employees assigned to the vault room would count deposits before putting the money in a marked bag and placing the bag in the transfer safe. The deposits were logged in, and the log sheet was also put in the transfer safe. When a Brinks employee arrived, he would enter the transfer room, for which only he and select Home Depot managers had keys. He would open the two-sided transfer safe from inside the transfer room and compare the deposits in the safe to those listed on the log sheet. The Brinks employee would then verify that the deposits in the safe matched those on the log sheet, and he would sign the log sheet to indicate that he had picked up the deposits.

On September 22, 1997, McNeely was responsible for retrieving the deposits from a Home Depot store. Upon opening the safe, McNeely noted that one bag that was listed on the log was not actually in the safe. The vault employee searched the vault room for the deposit, but was unable to find it. McNeely ultimately left without signing for the missing deposit, and when he returned to Brinks, both he and his truck were searched for the missing bag.

After McNeely left Home Depot, Jim Trask, the loss prevention supervisor, entered the transfer room where McNeely had been. After searching the room, Trask found the missing deposit bag hidden underneath a stack of empty deposit bags. Trask then created a "dummy" deposit bag, which he hid under the deposit bags. When the next Brinks employee, Tim Cody, arrived, he retrieved the dummy bag and left the store with it. This incident was captured on video-tape.

The police were summoned, and a detective reviewed the video-tape. According to Trask, the detective told him that there was sufficient information to obtain a warrant. Thus, Trask swore out a warrant against both McNeely and Cody. Cody apparently confessed to stealing the money, but did not implicate McNeely. Nonetheless, McNeely was arrested and spent several days in jail. McNeely testified that he was taken into a courtroom to have the charges against him read aloud, but when asked whether he wanted the charges read, he declined because he already knew the charges against him. Eventually, the charges against McNeely were dismissed due to insufficient evidence.

McNeely filed suit against Home Depot and Trask, alleging that the defendants prosecuted him "without probable cause and with malice." The defendants moved for summary judgment, and the trial court granted the motion. Specifically, the trial court found that

McNeely had not presented "evidence of an inquiry before a committing court," which is required to sustain a malicious prosecution claim. This appeal ensued.

In order to prevail on a claim for malicious prosecution, a plaintiff must show the following: "(1) a criminal prosecution; (2) instigated without probable cause; (3) with malice; (4) pursuant to a valid warrant, accusation, or summons; (5) that terminated in the plaintiff's favor; and (6) caused the plaintiff damage."[2] For purposes of such claim, the prosecution must be "carried on," which requires "an inquiry before a committing court."[3] If a person is merely arrested pursuant to a warrant, a claim for malicious prosecution will not lie.[4]

Here, the trial court found that McNeely presented no evidence that he was taken before a committing court. However, there was evidence via McNeely's deposition testimony that he was brought before a judge, which raises an inference that he was taken before a committing court.[5] Regardless of whether this was sufficient evidence of prosecution, we nonetheless find summary judgment appropriate because probable cause existed for Home Depot and Trask to suspect McNeely.

The focus in a probable cause inquiry is " 'whether the facts *as they appeared at the time of instituting the prosecution* were such as to lead a person of ordinary caution to entertain a belief that the accused was guilty of the offense charged.' "[6] In other words,

> the question is, not whether plaintiff was guilty, but whether defendants had *reasonable cause to so believe* — whether the circumstances were such as to create in the mind of defendants a *reasonable belief* that there was probable cause for the arrest and prosecution. Probable cause is defined to be the existence of such facts and circumstances as would excite the *belief* in a reasonable mind, that the person charged was guilty of the crime for which he was arrested and prosecuted.[7]

---

[2] (Punctuation omitted.) *Vojnovic v. Brants*, 272 Ga. App. 475, 477 (2) (612 SE2d 621) (2005).

[3] (Punctuation omitted.) *Swift v. Witchard*, 103 Ga. 193, 196 (2) (29 SE 762) (1897); see also *Garner v. Heilig-Meyers Furniture Co.*, 240 Ga. App. 780, 781-782 (1) (525 SE2d 145) (1999); *Walker v. Bishop*, 169 Ga. App. 236, 238 (1) (312 SE2d 349) (1983).

[4] See *Swift*, supra at 196-197.

[5] See *Branson v. Donaldson*, 206 Ga. App. 723, 725-726 (1) (c) (426 SE2d 218) (1992) (case prosecuted where defendant brought before magistrate even though defendant did not answer questions).

[6] (Emphasis in original.) *Gibbs*, supra at 173.

[7] (Punctuation omitted.) Id.

The record shows that the missing deposit was supposed to be in the transfer safe when McNeely arrived. The bag ultimately was discovered hidden in the transfer room — a room last occupied by McNeely. When the next Brinks employee arrived, he retrieved what he believed to be the deposit bag from its hiding place. Under these circumstances, a reasonable person of ordinary caution would be justified in suspecting that McNeely was involved in a scheme to steal money from Home Depot and that he had hidden the bag in the transfer room.[8] Given the existence of probable cause, the trial court properly granted summary judgment in favor of the defendants. Although the existence of probable cause was not the basis for the court's ruling, a judgment right for any reason will be affirmed.[9]

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED AUGUST 30, 2005 —
RECONSIDERATION DENIED SEPTEMBER 13, 2005 — 

*John W. Greer III*, for appellant.
*Hawkins & Parnell, Warner S. Fox, Kimberly D. Stevens*, for appellees.

---

[8] See id.; *Smith v. Trust Co. Bank*, 215 Ga. App. 413, 415-416 (1) (450 SE2d 866) (1994).
[9] See *Standard v. Hobbs*, 263 Ga. App. 873, 880 (3) (589 SE2d 634) (2003).